1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT

8 CENTRAL DISTRICT OF CALIFORNIA

9

10 MICHAEL LAWRENCE LHEVAN,  )     NO.  SACV 16-1367-GW (AGR)

11         Plaintiff,  )

                   )     ORDER ACCEPTING FINDINGS AND

12   v.               )     RECOMMENDATIONS OF UNITED

                   )     STATES MAGISTRATE JUDGE

13 TODD SPITZER, et al.,     )

14         Defendant.  )

15

16       Pursuant to 28 U.S.C. § 636, the Court has reviewed Defendants' motion to

17 dismiss the Fourth Amended Complaint, the records on file, the Report and

18 Recommendation of the United States Magistrate Judge ("Report"), Plaintiff's

19 Objections and Defendants' Response, and Defendants' Objections.  The Court has

20 engaged in a *de novo* review of those portions of the Report to which the parties

21 have objected.  The Court accepts the findings and recommendation in the Report

22 except as set forth below.

23      <u>Defendants' Objections</u>

24       Defendants object to the recommendation that the Court deny Defendants'

25 motion to dismiss Claim 5 against former Orange County District Attorney ("OCDA")

26 Rackauckas in his individual capacity.  The Report recommended denial  because

27 Defendants' motion did not contain "particularized briefing" and did "not separately

28 discuss this claim or offer[] arguments for its dismissal against Defendant

Rackauckas."  (Report at 21:23-27.)  Defendants' objections do not specifically

1   dispute this point and merely cite general legal conclusions in the motion.  On a

2   motion to dismiss under Rule 12(b)(6), the moving party bears the burden of showing

3   that the complaint fails to state a claim upon which relief can be granted.  *See, e.g.,*

4   *In re Big Heart Pet Brands Litig.*, 2019 U.S. Dist. LEXIS *35 (N.D. Cal. Oct. 4, 2019)

5   ("It is Defendant's burden to demonstrate that Plaintiffs fail to state a claim for relief,

6   and the Court will not scour that chart for authority to support Defendant's

7   arguments."); *Avalanche Funding, LLC v. Five Dot Cattle Co.*, 2017 U.S. Dist. LEXIS

8   201103, *8 (E.D. Cal. Dec. 6, 2017) (denying motion when defendants made broad

9   generalized arguments and did not explain how complaint's specific allegations failed

10  to plead necessary elements of claim); *see also Bangura v. Hansen*, 434 F.3d 487,

11  498 (6th Cir. 2006).

12        Defendants' objections do not cure this deficiency.  The Court previously

13  determined that Claim 5 stated a *Monell* claim in the Third Amended Complaint

14  (Order, Dkt. No. 87), and Defendants do not challenge that conclusion as applied to

15  the Fourth Amended Complaint.  Briefly, in Claim 5 Plaintiff alleges that he was

16  eligible for release on July 7, 2016 under the provisions of Cal. Penal Code § 2933

17  and 15 Cal. Code Regs. § 3043.  The Third Amended Complaint ("TAC") attached a

18  letter from the Office of the Inspector General dated August 24, 2016 that explained

19  Plaintiff would be eligible for "2-for-1 credit earning" if "CDCR determines that inmate

20  Lhevan qualifies for minimum custody," a determination that would require CDCR to

21  obtain Plaintiff's arrest report and conduct a case-by-case violence review.  (Exh. N

22  to TAC, DKt. No. 67-1 at 55.)  "Unfortunately, CDCR has made numerous requests

23  over the past several months to obtain the arrest report from the Orange County

24  District Attorney's office with no resolution." (*Id.* at 1.)  The TAC attached defense

25  counsel's letter dated July 21, 2016 stating that the prosecutor "indicated to me that

26  neither she nor her office will be sending the requested police reports to CCI in light

27  of the federal case against her filed by you."  (Exh. to TAC, Dkt. No. 67-1 at 49.)

28        In the Fourth Amended Complaint, Plaintiff alleges that he wrote to

1    Rackauckas "to please send the police report." (FOAC, Dkt. No. 97 at 55.)  Plaintiff

2    also alleges that Rackauckas "allowed" his staff to retaliate against Plaintiff for filing

3    the federal action. (*Id.* at 9.)  Plaintiff alleges that neither Defendant Nichols nor

4    anyone in the OCDA's office sent the police report to the CDCR pursuant to OCDA

5    policies, practices and customs of retaliation that Rackauckas "allowed" his office to

6    employ. (*Id.* at 5, 54-55.)  The CDCR did not receive the report until October 5, 2016.

7    (*Id.* at 55.)  By then, Plaintiff had spent at least four extra months in prison, during

8    which time he was sexually assaulted. (*Id.* at 56 & Dkt. No. 67-1 at 51 (finding

9    allegations substantiated).)  Defendants do not explain why these allegations are not

10   sufficient to state a claim for individual liability, under the legal standards set forth in

11   the Report, based on Rackauckas' own failure to send the police report or his

12   acquiescence in his office's policies, practices and customs of retaliation against a

13   person who had filed an action against the OCDA. (Report at 19, Dkt. No. 79

14   (retaliation standards); Report at 11-12, Dkt. No. 117 (supervisory liability).)

15   Defendants' objections are overruled.

16        Plaintiff's Objections

17        Plaintiff does not object to dismissal of Claim 1. (Obj. at 9.)  Plaintiff objects to

18   dismissal of the individual capacity portion of Claim 2, but does not object to

19   dismissal of the *Monell* portion.  Plaintiff's objections, however, do not address the

20   Report's analysis. (Report at 17-18, Dkt. No. 117; Obj. at 9.)  Plaintiff objects to

21   dismissal of Claims 3, 7 and 13, but again does not address the Report's analysis.

22   (Report at 9-10; Obj. at 9-10.)  Plaintiff does not object to dismissal of Claim 8 against

23   Hutchens with leave to amend. (Obj. at 11; Report at 24-26.)  Plaintiff objects to the

24   dismissal of Claim 11, but the objections address only an alternative ground for

25   dismissal, a *Heck* bar. (Obj. at 12; Report at 29-30.)  Plaintiff does not object to

26   dismissal of Claim 12 with leave to amend as to the individual capacity claim. (Obj.

27   at 12.)

28        As to Claims 4 and 9, the Report assumed that Plaintiff could state an

1   underlying Fourteenth Amendment claim against the unnamed deputy that denied

2   Plaintiff access to the restroom on April 10, 2015.  The Report recommended

3   dismissal of the supervisory liability claims against former Orange County Sheriff

4   Hutchens with leave to amend and dismissal of the *Monell* claims without leave to

5   amend.  Again, Plaintiff's objections do not address the Report's analysis.  Giving

6   Plaintiff the benefit of the doubt, the Court will dismiss both the supervisory liability

7   claims and *Monell* claims in Claims 4 and 9 with leave to amend.  As to Claim 6,

8   Plaintiff's objections state that he may be able to state a claim for retaliation.  Again,

9   out of an abundance, Plaintiff's supervisory liability claim against Hutchens and

10  *Monell* claim in Claim 6 will be dismissed with leave to amend.  The Court reaches

11  the same result as to Claims 10, 14 and 15.

12      Plaintiff's objections are otherwise overruled.

13      Order

14      IT IS ORDERED that

15      (1) Plaintiff's request to dismiss Defendant Spitzer from this action is granted;

16      (3) Defendants' motion to dismiss Claims 1, 2, 3, 7, 11 and 13 is granted

17  without leave to amend;

18      (4) Defendants' motion to dismiss *Monell* Claims 8 and 12 is granted without

19  leave to amend;

20      (5) Defendants' motion to dismiss *Monell* Claims 4, 6, 9, 10, 14 and 15 is

21  granted with leave to amend;

22      (6) Defendants' motion to dismiss Claims 4, 6, 8, 9, 10, 12, 14 and 15 against

23  Defendant Hutchens is granted with leave to amend;

24      (7) Defendants' motion to dismiss Claim 5 against Defendant Rackauckas is

25  denied;

26      (8) Defendants' motion for a more definite statement is denied as moot; and

27      (9) Plaintiff is granted leave to file a Fifth Amended Complaint consistent with

28  this Report within 30 days after the district court's order.  If Plaintiff does not file a

timely Fifth Amended Complaint, this action will proceed on the surviving claims in the Fourth Amended Complaint.

The case is referred back to the magistrate judge for further proceedings.

DATED:  September 28, 2021

_____
GEORGE H. WU
United States District Judge