FILED

2021 NOV 12  PM 9: 02

CLERK U.S. DISTRICT COURT
SANTA ANA, CALIF.

BY ___ OFA

1  Michael Lhevan
2  1260 Walnut Ave, Apt 33
   Tustin, CA 92780
3  657-236-1155
   *Pro Se Clinic Litigant*
4  PRISON NUMBER AY7454

5        **UNITED STATES DISTRICT COURT**
6        **CENTRAL DISTRICT OF CALIFORNIA**

7  Michael Lhevan,                    )  Case No.: **8:16-CV—01367-GW-AGR**
8              Plaintiff,             )  **Fifth Amended Complaint(5AC)[1]**
9      vs.                            )  **Demand for Jury Trial YES**
10 Todd Spitzer,                      )  CIVIL RIGHTS COMPLAINT
                                         PURSUANT TO
11 Sandra Hutchens,                   )  ☒ 42 U.S.C § 1983
12 Tony Rackauckas,                   )  **Magistrate: Alicia G Rosenberg**
13 The County of Orange               )  **Place: B - 8th floor**
14              Defendants,           )

15

16

17 A. **JURISDICTION**

18     This court has jurisdiction under 28 U.S.C § 1331 and 28 U.S.C § 1343. Federal

19 question jurisdiction arises to pursuant to 42 U.S.C § 1983.

20

21 B. **VENUE**

22

23     Venue is proper pursuant to 28 U.S.C § 1391 <u>as Plaintiff's claim brought in</u>

24 <u>pursuant California State and Federal law arise out of the same transactions and</u>

25 _____

26

27  1.   Plaintiff has strong merit, and Defendants have been served per their request for FRCP 33, 34 and 36. They also have the production
         of documents that he has in his possession. When Plaintiff files his FRCP 33, 34 and 36, he asks the court, that if this matter is not
28       resolved, that is allowed a supplemental complaint to add claims. The Plaintiff is not aware of other possible claims to support his
         complaint.  Due to excessive work load, he has not had time to file for discovery.

CV-66 (7/97)

occurrences out of a common nucleus of operative facts as the Plaintiff's federal questions claims, this court has jurisdiction pursuant to 28 U.S.C 1363.

C. **THIS COMPLAINT ALLEGES THAT THE CIVIL RIGHTS**

   **PLAINTIFF**    Michael Lawrence Lhevan                          ,

Who presently resides at 1260 Walnut Ave, Apt 33, Tustin, California 92780,

Were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at: 26092 Serrano Court, Lake Forest California 92630, 550 N Flower  , Street, Santa Ana, California 92703, 501 The City Drive, Orange, 92868, CCI Tehachapi, Facility E, PO Box 107 Tehachapi, Ca 93851,  there are also ID theft incidents in Las Vegas, and various places throughout the State of California, that Plaintiff does not have full Discovery due to be incarcerated.

| on (date or dates): | Claim 1 | Claim 2 and 3 | **Claim 4** | **Claim 5** | **Claim 6** | Claim 7 | **Claim 8** | **Claim 9** |
|---|---|---|---|---|---|---|---|---|
| | 4-25-2015 | 4-15 and 4-25-2015 | **6-15-2015** | **1-6 to 10-2016** | **10-2016** | 2-9-2016 | **4-19-2017** | **4-15-2015** |

| **Claim 10** | **Claim 11** | **Claim 12** | **Claim 13** | **Claim 14** | Claim 15 |
|---|---|---|---|---|---|
| **4-10-2015** | **4-15-2015** | **4-15-2015 to 1-6-2016** | **4-28-2015** | **11-13-2015** | 4-25-2015 to current |

**NOTE:** You need not name more than one defendant or allege more than one claim.

1. Defendant    Todd Spitzer                       resides or works at ,
   (full name of first defendant)

   10 Civic Center Pl, 5th Floor, Santa Ca 92701 ,
   (full address of first defendant)

   Board of Supervisors in the County of Orange
   (defendant's position and title, if any)

   The defendant is sued in his/her in both **individual** and **official** capacity.

   Explain how this defendant was acting under color of law to pursuant 18 U.S C § 242:

CV-66 (7/97)

1   ~~Defendant Todd Spitzer has been removed from 5AC, as a defendant.~~

2

3   2. Defendant   <u>Sandra Hutchens</u>            <u>resides or works at</u>

4              (full name of second defendant)

5              <u>550 N Flower Street, Santa Ana, Ca 92702</u>      ,

6

7              (full address of second defendant)

8              <u>Elected OCSD Head Sheriff</u>                  ,

9

10              (defendant's position and title, if any)

11   The defendant is sued in his/her in both **individual** and **official** capacity.

    Explain how this defendant was acting under color of law:

12

13   <u>Hutchens is a municipal officer, who engages and allows the OCSD's</u>

14   <u>promulgated policy, practices, and customs to violate Plaintiff's right to a "clearly</u>

15

16   <u>established right to a special relationship". (By holding Plaintiff in custody.) She has</u>

17   <u>supervisor liability because of failure to train and the fact that her staff fails to intervene</u>

18   <u>during misconduct at OC Jail. This denied the Plaintiff due process of the 14th</u>

19   <u>amendment.</u>

20

21

22   3. Defendant   <u>Tony Rackauckas</u>            <u>resides or works at</u>

23              (full name of second defendant)

24              <u>401 Civic Center Drive W, Santa Ana, Ca 92701</u>      ,

25

26              (full address of second defendant)

27              <u>Elected Head Orange County District Attorney (OCDA)</u>

28              (defendant's position and title, if any)

The defendant is sued in his/her in both **individual**[2] and **official** capacity.

**Explain how this defendant was acting under color of law:**

Defendant Rackauckas is a municipal officer who engages and allows his office to engage in policy, practices and customs to discriminate against people that voice 1st amendment complaints against, file Federal cases that his office was involved or file lawsuits against office. His staff lacks training on 1st amendment retaliation, misconduct including violating Penal Codes or invading Plaintiff privacy by gaining warrants with no probable cause. This retaliation dates to the year 2005, when Plaintiff reported Defendant Rackauckas to the Dept of Civil Rights do to wrongfully prosecuting Arthur Carmona.

4. Defendant   The County of Orange which is a Public Entity at
                 (full name of first defendant)

                 333 W Santa Ana Blvd, Santa Ca 92701
                 (full address of first defendant)

                 A Public Entity that caused of action against Plaintiff.
                 (defendant's position and title, if any)

The defendant is sued in his/her in both **individual**[3] and **official** capacity.

Explain how this defendant was acting under color of law in pursuant 18 U.S.C § 242:

The County of Orange is municipal that uses the promulgated policy, practices and custom that engages in 1st amendment retaliation. Failure to train employees on

_____

misconduct that is a policy, practice and procedure against Plaintiff in 1st amendment retaliation case, where Plaintiff reported a lot of different County for engaging misconduct. Violation of 4th amendment search and seizure with no totality of circumstance. Invasion of privacy. Plaintiff was deprived of his property due to his County of Orange employees, misconduct, and due to their slander, it was done without Due Process.(14th amendment.)

D. **STATEMENT OF FACTS FOR FIFTH AMENDED COMPLAINT (5AC)**

1. On 4-15-2015, Plaintiff was arrested at his home, being cooperative with the OCSD, he opened the door not feeling that he committed a crime. Deputy Elcock was the same deputy who took a non-criminal investigation report where Plaintiff.

2. 4 OCSD Deputies came to Plaintiff former residence. Before the arrest, one of the OCSD commented "this has got to happen", he was arrested for annoying phone calls, and booked OC Jail men central. He was very sick to his stomach, and asked the Deputy to please open the other cell so that he use the restroom. The Deputy replied go in the corner.  People defecated and urinated inside the cell. This went on for about a 16-hour period, and the OC Jail staff did not give him any phone calls. The rest of jail staff failed to intervene while this went on, and has patterns ignoring civil rights violations.

3. Upon release, Plaintiff called both the OCSD, and the OCDA's office to complain about what when on at OC Jail. Over the years, even though reporting government agencies to other agencies exists, doing so usually results in retaliation. Plaintiff

was put through to an investigator named, Michael Wheatley, Plaintiff agreed to meet with OCDA Investigator Michael Wheatley. Plaintiff did this because he is a law-abiding citizen, and wanted to be cooperative. On 4-15-2015, he went to an El Pollo Loco in Lake Forest, Ca where he meets with 3 investigators, which later he learned all 3 names, Fred Nichols, Randy Inman and Michael Wheatley. He was very cooperative with the investigator's except, Investigator Fred Nichols lied at least 3 times, and at once in a declaration. OCDA Supervising Investigator Damon Tucker came down to OC Jail, to observe Plaintiff in custody, during this time OC Law enforcement continued mock and laugh Plaintiff.

4. Both Fred Nichols and Damon Tucker are economic investigators and are involved with ID theft investigations. The Investigator's documented the arrest was recorded. Fred Nichols made a comment "the lawyers are making the decision" in regard to the arrest, which means the DA loses absolute immunity. Tony Rackauckas retaliated because Plaintiff inquired about his son, who is a plumber wanted to see his son was interested in doing plumbing work on his condo. Also, Defendant Rackauckas' home address in Irvine, address is texted to Plaintiff's T-Mobile phones (949-245-4585.) T-Mobile never has Plaintiffs as ever being a customer. (See Exhibit - Statement of fact.) It is important to note that during the arrest, investigator Fred Nichols communicated with his office and announced that "the lawyers were basically ordering arrest, this changes the standard of culpability of their immunity and puts in question who were the lawyers that made this decision.

5. Plaintiff was booked at OC Jail and suffered trauma from seeing the same Deputy who engaged in torture 4 days earlier. His bail was $500,000 when it should have been $20,000 for a weak case. The charges were Threatening a Public Official Penal Code § 76(a)(2), and it was also written down on the bail sheet Criminal Threats, Penal Code § 422(a), note neither charge was held to answer after Preliminary Hearing for case #15CF0811. This indicates that Fred Nichols took the computers with no probable cause and retaliated by making an excessive bail, because Plaintiff told Fred Nichols "you are taking those computers but it is without my consent." When Plaintiff got taken to jail, he saw the same OC Deputy who denied him use of a toilet and engaged in torture on April 10-11, 2015. The same Deputy remarked "Someone has it out for you." This same OC Deputy should be seen on a video tape that the OC Deputies took, remarking "I wonder if he knows he has a taser to his head." This is considered deadly force, or excessive force considering he obeyed all orders with no physical resistance. He was denied his right to 3 free phone calls within 3 hours which in California, an arrestee has a right immediately after booking to make at least three phone calls within three hours of arrest.

6. He was stripped of his cloth's and put on detox medicine for a medicine to calm him down that is legally prescribed to him call Xanic's. It is now discovered that, Fred Nichols again violated documentation saying he was not under the influence of any legal narcotics which Plaintiff told investigator Michael Wheatley he needs to take. Potentially Plaintiff could have died due to Fred Nichols' misconduct which

is an 8th amendment violation. Plaintiff went in front of Judge Robison in CJ1, where former OCDA Christopher Phan argued to increase his bail even hirer, the Judge lowered it to $120,000 which was still very excessive. Plaintiff had to beg to use the phone after his bail was set. He posted bail and was released with a Deputy make a comment "You are lucky you are ever getting out of here". The OCSD engaged in a form of torture, far worse than what on April 10-11, 2015, and seemed to think Plaintiff was lucky they didn't go further. 3 Days of no cloths and taking him off all medication is deadly.

7. Sandra Hutchens also let her OC Jails again engage is the customs, practices, policies. The Public Defender allowed a bail hearing to take place in which Plaintiff was not notified, and the OCDA who supposed to make defendant gets fair hearing, instead committed misconduct and Judicial misconduct, this constitutes prosecutor misconduct, but she violated his Confrontational Clause by not bring victims to court, when it was easy for them to do, since work at the courthouse. She took advantage of the fact that their ineffective counsel and the fact that judge let it go. Plaintiff never agreed to listen victims impacts and both Public Defender and the court reporter ignored request for them so he can use in his 28 U.S.C § 2254.

8. OCDA Investigator arrest which he also served at the same time as his search and seizure had questionable probable cause was based off a man willing to commit libel perjury misconduct to violated Plaintiff civil and constitutional rights. Fred Nichols seized computers based on a felony of Penal Code § 76(a)(2) being

committed but was denied at Preliminary Hearing for this case, and the fact that Plaintiff met with OCDA Investigator's shows there was no exigent circumstance.

9. Fred Nichols also engaged in of maliciously procuring a warrant, after he violated Plaintiff 4th amendment right which he also retaliated. Fred Nichols also violated the rules of search and seizure by not mailing a copy of the search and seizure warrant to the Plaintiff and should not been on this investigation due to biased because of his co-worker, and besides he is a fraud investigation and cases 15CF0811 and 15CF0900 are not crimes related to his area of expertise. He also continued investigate the case after which he declared himself a victim, he went to interview Gary Jones and proceed to say "Michael is in serious trouble" which evidence the OCDA was denying due process with biased from the beginning of the investigation. He also lied in the police report and states the Plaintiff admitted to everything, but the fact, they only asked a few questions, did not get specific about any details nor did they follow proper investigative skills, that vertical prosecution requires. OCDA investigator violated a discovery rule to give Plaintiff a business card with case number.

10. On 4-23-2015, Fred Nichols originally committed a 4th amendment violation and also maliciously procured a search warrant (misconduct violation of penal code 170) for computers that were taken without probable cause. The warrant was signed by Judge Margret Anderson, but the charge for which the laptops were taken, were not held to answer, threatening a Public Official, with the ability to carry it (Penal Code

§ 76(a)(2)). The same Judge ruled at preliminary hearing, the comment beating a person, meant winning a case. (Case#15CF0811, please note that case #15CF0900 was not filed until 4-28-2015, and the allegations occurred on 4-24-2015). OCDA, Cynthia Nichols amends the complaint to Penal Code § 71(a)(1), threat to injure made officer (Victim Cheryl Gold), with the intent to commit physical harm, and also adds Penal Code § 69 (Victim Cheryl Gold), resisting executive order. The charges were plead to because the OCDA engaged in misconduct by slandering Plaintiff when the investigator signed to declaration Penal Code § 1275.1 (b), (c) and (f), by Fred Nichols for case 15CF0811, which clearly states that Plaintiff engages in felony behavior to obtain funds for bail bond. Nichols signed a declaration with purposes of denying Plaintiff 14th amendment right to Due Process and assisting his defense.

11. Cynthia Nichols also slandered Plaintiff by signing a Penal Code § 1289, continuous danger which was not true, and this is prosecutor misconduct. Plaintiff was withheld from the hearing and kept at OC Jail, during this hearing. (Also, a form of prosecutor misconduct.) It is not the policy of the OCDA's office to "seek justice", they are more with gaining convictions, even if it means engaging prosecutor misconduct.

12. If Cynthia Nichols was one of the lawyers making the decision, she can be held liable. She got involved with the police investigation, thereby dissolving her absolute immunity. This makes her liable for violating all the clearly established laws, she violated and prosecutor misconduct.

13. On April 24, 2015, at about 8pm, OCDA Investigator Jim Mclean and a few OCSD came to Plaintiff's house and asked him about some emails. Plaintiff denied sending any emails to Karyn Stokke, and asked the police leave. The investigator asked about matching the IP address, Plaintiff knew that based on the evidence presented, there was no probable cause. The OCDA's office maliciously procured an arrest warrant.

14. Plaintiff had 6 blanket search and seizure warrants when he submitted 3rd amendment complaint by the OCDA's office.

15. Their misconduct has continued and shows that they were looking to deprive him of his liberty due to him filing Writ of Habeas Corpus's for both criminal cases, and for filing Federal Civil Rights lawsuit.

16. The Defendants filed FRCP's 33, 34 and 36 (Around May 2016), while Plaintiff was in OC Jail for a Parole violation. They could have been sanctioned for Discovery Abuse if sanctioned. They were asking for recordings and video's that Plaintiff did not have access to. The OCDA's Office and OCSD are in possession of all this discovery.

17. On April 25, 2015, at 7:03 AM, a team of OCSD and OCDA police force showed at Plaintiff's old residence. They announced they had a Search and Seizure warrant, and started to break in the door, not giving Plaintiff anytime to get out of bed to open the door. Upon entry, Plaintiff was arrested, read his rights by OCDA Commander Erica Hutchcraft, and she announced to OC law enforcement that "He

can't bring anything that is not in his pockets to OC Jail." This is the last time Plaintiff's wallet was last seen by him.

18. Plaintiff was in OC Jail on April 27, 2015, during a bail hearing for case # 15CF0811, which Plaintiff later found out about. The hearing took place in Dept. C55. He had a right to be not only be informed about the hearing, but also to be present, he was denied both. At that time, OCDA Cynthia Nichols presented a declaration, signed under oath by OCDA Investigator, Jim Mclean, that Plaintiff engaged in illegal behavior to obtain funds, which is not true. None of the charges consisted of crimes of dishonesty. Declarations were signed by both Jim Mclean and Fred Nichols that Plaintiff would obtain funds for bail illegally.

19. While Plaintiff was held in OC Jail, CJ1 held a hearing, and issued a Failure to Appear (FTA), which the only way that would be possible is if OC Jail neglected to take to court. Cynthia Nichols filed a Penal Code § 1289, claiming a continuing "danger to the community", but yet there was no evidence of any violence. In fact, Plaintiff had no Penal Code § 667.5(c), and did not drive. This is discrimination against disabled person. This is a result of filing complaints with Federal Dept. of Civil and Ca Bar complaints, which a 1st amendment retaliation.

20. On April 28, 2015, Plaintiff was brought to OC Superior Court to go before Judge Elizabeth Macious. OCDA Cynthia Nichols appeared for the people and the and court appointed attorney Public Defender, Scott Kawamoto appeared for Plaintiff. A new case was filed with an abundance of charges. The bail would have been

$50,000 if the charges were to be taken as true. A total bail was set at $1,020,000, in which OCDA Cynthia Nichols recommended the bail and in general OC Courts sets the bail at which the OCDA recommends.

21. Plaintiff was not given a copy of the charges at any time by the OC Public Defender, until he plead guilty and later went to prison. In fact, he called a bail bond company, in which they commented "You should know what the charges are that you are facing". The fact is no one told him. Though the State sets the bail, it was influence by OCDA's slander, and a recommendation of an 8th amendment violation. OC Courts policy, practice and procedure is usually to go off what the OCDA recommend or if they were to declaration that request bail to increase. The OCDA's slander (misconduct) had a huge influence with the Judge setting bail. If the OCDA's did not do this, the Judge would go off bail schedule. All 3 employees (Jim Mclean, Fred Nichols and Cynthia Nichols) signed libel slanderous declaration which is evidence of Failure to Train and misconduct.

22. On 4-26-2015, Plaintiff suffered a physical assault in the shower by inmates Sean Lowery (facing attempted murder) and Sean Hayes (12 bank robberies). He was too afraid to say anything until he was out of the dorm. He expected that the OC Jail staff would have a policy in place for protocols like these types of incidents. He waited until medicine call, where he was told to go to see medical staff downstairs. Plaintiff felt safe to tell the nurse that he had a badly bruised chest bone, which he indicated was caused by what happened at the shower. It was obvious to the nurse

what had happened. Instead of committing medical malpractice, he threatened Plaintiff with protective custody. The comment was very condescending, and Plaintiff was sent back to general population, after being tortured the night before preliminary hearing for case # 15CF0811. The Deputy, John Doe, then told Plaintiff he was disrespectful and by calling him "my friend" and indicated he was being written up for being disrespectful.

23. Plaintiff was only responding disrespectful due to the jail behavior, and the fact that he was assaulted a few nights before. Deputy John Doe wrote up Plaintiff, despite violating civil rights using cruel and unusual punishment by chaining him to the wall, and their failure to intervene by fellow jail staff. (Deputy R Denny and a few other Deputy John Does.)

24. OC Jail is familiar with the fact that it is very or closely impossible to prove if the jail staff engage brutality. It is the policy, practice, and procedure for the jail staff to engage failure to intervene. Unless the Federal demands OC Jail video cameras, this brutality will always continue with OC Jail getting away with causing senseless severe pain on inmates.

25. That same night, before the preliminary hearing for case #15CF0811, Plaintiff spent the whole night chained to a wall, and even being assaulted by the staff. This deprived the plaintiff of procedural due process of the 14th amendment and an 8th amendment violation.

26. OC Sheriff Medical doctor put Plaintiff on the wrong prescription, which is called Zyprexa. The Medical does not properly diagnose people who suffer mental illness. They prescribe Zyprexa for almost mental illness inmates. This is an 8th amendment violation with deliberate indifference

27. Upon returning to OC Jail from preliminary hearing for case 15CF0811, the staff moved him to medical mod, to pursuant of Welfare & Inst code § 5150. Plaintiff was subject to 8th amendment violation with deliberate indifference. This is due to being denied a shower for up to 4 days and no access to the phones which included his right to contact a lawyer.  Plaintiff wanted the doctor's name, so he can report him to the medical board for medical malpractice. In retaliation, the doctor withheld medicine that could have caused Plaintiff a seizure attack.

28. During this time Plaintiff was written up, sergeant John Doe for being disrespectful. During which he told the Sergeant the brutal beating he suffered by inmates Steve Lowery (arrested for attempted murder) and Sean Hayes (12 bank robberies). Instead of simply moving him to another dorm, they put him imminent danger by putting back in the same cell (A12) where he was harshly assaulted. This is more misconduct. (Failure to train, failure to protect and failure to intervene.)

29. During this time, Plaintiff's old condo was broken into, his Identity was stolen, and his wallet retrieved in Las Vegas, Nevada in which Derek Quick was arrested. It was later discovered that his Identity was severally abused and well over $100,000 to $150,000 was stolen in his name from at 10 different financial institutions, as

well a car from Enterprise being stolen with fake ID's. Plaintiff had money in the bank and his Social Security Administration (SSA), was not stopped until he plead guilty which in pursuant of SSA, monthly benefits are not cut off until a conviction.

30. The County of Orange (Sandra Hutchens) acted so vindictively which caused the Identity Theft, Plaintiff would still own his condo, which would be worth $430,000 to $460,000. He owed $112,000 and his equity payment was about $500 a month towards paying off the mortgage. The condo would have been paid off in 10 years.

31. He also had to pay his power of attorney $55,000 for selling the condo and storing his stuff. Donald Bigelow attempted to get the OCSD to take a police report. The first time, Deputy Tan refused to take the report ("it was too hot outside."). Valuables were stolen that included Michael Jordon rookie card, among other valuables that has increased in value over the years of the lawsuit. Plaintiff also lost value on the fact that real estate, this constitutes a jump in Economic value.

32. The OCSD violated their "special-relationship" because Plaintiff was in their custody, and he could not protect himself. They had obligation under the 14th amendment (Special-Relationship) to secure his property and do an investigation on his identity that they caused. Instead, the second time a non-criminal police report was taken which forwarded over to Jim Mclain (SIC). (DR # 15-130362). The OC Sheriff engaged in discrimination by taking non-criminal report and its not how they generally the City of Lake Forest. They neglected various police reports in which Plaintiff identity was used and refused to even contact the business to let that car

being rented in Plaintiff name could not have been him. They let businesses and individuals get victimized for purposes of retaliating and discriminating against Plaintiff violating his equal protection clause by keeping him equal.

33. Sandra Hutchens was served a court order for phone calls about Plaintiff making non-collect calls. Defendant Hutchens violated clearly established law that deprived Plaintiff of Due Process on his property and Identity which her staff neglect the 'special-relationship'. She defied 2 different Judges orders, the first one was signed by Judge Sheila Hanson on 7-22-2015, and approved by Orange County, County Counsel Liz Pejeau, and was served by the OC Public Defenders office. The second court non-collect order was signed by Judge Richard King on 11-13-2015, and again it was defied.

34. It was also discovered that Timothy Shenett (15NF1746) was caught using his identity in Bueno Park, Ca. Exculpatory Evidence which was favorable to Plaintiff and was withheld in which OCDA Christopher Phan appeared on that case and on case 15CF0811 against Plaintiff.

35. Other misconduct included a car getting rented from Car Enterprise, that the OCSD again engaged in omission behavior by not putting any priority into the case, so that this would intentionally hurt Plaintiff. Plaintiff obtained police report to find out that, they put no priority into it.

36. On, 7-1-2015, OCSD took a low priority police report (DR # 15-134640 embezzled vehicle), again they held custody neglecting the "special-relationship" under the 14th

amendment, The OCSD put Plaintiff's life in imminent danger by calling him out to the deck, and not putting any effort into investigating the people who committed the car theft and ID Theft.

37. Plaintiff gave the name Joseph Lampasona, who coincidentally was convicted in similar charges for case 16WF1750.

38. The OC Sheriff violated Public Duty Doctrine to discriminate and retaliate against Plaintiff. Sandra Hutchens had a fiduciary responsibility to businesses that Plaintiff identity was used. This is discrimination because under policies on the OCSD home site they promise to serve the community.

39. During Plaintiffs' incarceration, he proceeded to do research his identity theft by himself and an OC Jail, an inmate named Gregg Yerington. He commented that he was in possession of sports collectibles and that he got them from a woman named Ester Bapties (Panebianco). Greg Yerington got out of a long jail sentence by snitching. He is currently locked up in Oregon for attempted murder. Greg Yerington's parents are a form of law enforcement due to owning a K9 police dog business, which they work the County of Orange. These pattern of events shows that Defendant Hutchens has failed to train employees on misconduct, discrimination, and failure to intervene.

40. Plaintiff was due to be released in pursuant of Penal Code § 2933, in pursuant of Penal Code § 2933.5 which the California Code of Regulation required a VIO/police report so that he could be released in or around 7/7/2016. OCDA Cynthia Nichols

refused to send the police report, so instead OC Public Defender Kevin Song sent it to the Plaintiff which did him no good to be released because the facility would only take from Law enforcement. CCI Tehachapi Counselor Broaddus documented the fact that he spoke with both OCDA Cynthia Nichols and OCDA Investigator Jim Mclean. Both said they would send the report but had no intent until the last week after Plaintiff was would have been released.

41. Plaintiff finally received the police report and filed 2 Stay of Execution, *Rhines vs Weber*, 544 U.S. 269 (2005). To retaliate OCDA, Cynthia Nichols stated she was not sending the police report in light of Plaintiff filing Federal action. On 8-10-2016, well after Plaintiff release date he was sexually assaulted which has ruined his confidence with woman, and destroyed his intimacy life. He was put in imminent danger because he reported the inmate and has since undergone counseling which has caused him permanent damage. A letter from OC Public Defender, Kevin Song indicates that the OCDA's office was retaliating for Plaintiff exercising his right to Federal action.

42. On March 28, 2017, Plaintiff was arrested and again denied a phone call for about a 5 or 6-day period. This almost led to him being evicted from his apartment and he had to pay all kinds of late fees. He had to pay about $1,300 in late fees, a gift card went missing worth about $400, and a computer chip key went missing. Plaintiff demand to call a lawyer after not being able to use a phone for about 2 ½ days. As a result, he was stripped of his cloths, and was declared Wel & Ins § 5150. He was

wearing a safety gown in the front part of the main jail, where female inmates and employees can basically see him demoralized and exposed. On or about June 2017, an inmate named Josue Salsue (AKA criminal), rang the button in at Theo Lacy and threaten to Plaintiff to the Deputies. OC Jail left Plaintiff in imminent danger for 3 hours, instead of having Josue change cells. This constitute Failure to Protect.

43. On 6-28-2017, the OCSD, came to Plaintiff's apartment and tore up his apartment. They took his computer and caused damage to the kitchen floor which he will have to pay the apartment complex. This visit was in regard to a phone call Plaintiff made to Donald Wagner (Mayor of Irvine).

44. Donald Wagner's wife, Megan Wagner former fraud investigator for the OCDA's office, now a OC Court Superior Court Judge, and she signed a Search and Seizure for Plaintiff's phone records, which was invasion of privacy by the OCDA Investigator Jim Mclean. Megan Wagner was a fraud OCDA during Plaintiff criminal litigation.

45. He was a victim in criminal case # 17CF1625, where the OCDA's office prosecuted Ernie Martinez, but only pursued one felony where Ernie's bail was $50,000 for a crime that was much more dangerous and violent then what Plaintiff was accused. Ernie was released after 90 days. This shows discrimination, in the that Plaintiff charges were not as serious, but he was persecuted.

46. Plaintiff has experienced strong retaliation and misconduct by Tony Rackauckas employees, which happened right after he opposed the California Attorney General

on 28 U.S.C § 2254. Events include the fact he tried to intervene in a 24-Hour Fitness class action lawsuit. Plaintiff is entitled to collateral damages which stem from Joe Monroe. He was sent to contact OCDA Spokesperson Michelle Van Der Linden. Michelle who is licensed attorney, advised Plaintiff due to Respondeat Superior, he might be better pursuing legal action against 24-Hour Fitness. Plaintiff left message that he was not going to dismiss any cases in Federal Court but if he experienced any retaliation he would file more cases. OCDA's contacted paroled and paroled told him that they could say it was threat of violence.

47. 24 Hour Fitness is under new management and welcomed Plaintiff back to the gym right they bought the franchise. He told Michelle that it would technicality and she responded, "it is ok to win on technicalities." The job of the District Attorney is to seek justice. This shows a failure to train employees, by the executive of Tony Rackauckas. Plaintiff was denied the right to intervene into a settlement that The County of Orange received from 24 Hour Fitness, and believes he is entitled to a partial part of it, since he reported the fraud that the old management engaged in. He also feels discriminated against, because no one from the old management was charged criminally for this fraud, but he was charged criminally and extremely retaliating against which included misconduct, failure to train, and failure to intervene against a disabled person.

48. Plaintiff was arrested on 4-26-2018 for violating a no contact order against Cheryl Gold. The case was dismissed but not before he almost failed school and had to

demand his right to Due Process in front of another former OCDA, now Judge Michael Murray. Plaintiff filed his motion in court, stating he was legal research and that this violation of 1st amendment. Right after this hand-written motion, sent from OC Jail. OCDA Jim Mclean sought his 1st of about 5 search and seizure warrants, that had no totality of circumstance, and were blanket warrants designed to invade every aspect of Plaintiff's life.

49. It even included taking a laptop which contained legal files involving this section § and the 2 Federal Writ of Habeas Corpus. 1 charge was filed for annoying phone calls to another State, where the victims were John Doe. Plaintiff plead guilty due to another false arrest with Tustin police. He was jail and needed to get out of jail to continue school and anticipate that something might happen with Federal cases.

50. On 11-26-2018, the OCSD came Plaintiff's apt complex and threaten his apt manager that if they did not give them the key to apt, they would kick in the door. Plaintiff was taken OC Jail where Failure to Train and Intervene took place, medical treatment was slowly delayed so that Plaintiff had his cloths taken. He was put in a cell without water or medicine. He was told by the nurse told him to drink water out of a fecal matter toilet. While the Deputies mocked him that the water was bottle cold water. Plaintiff was released after 7 days with no court hearing at his Parole Officers direction. OC Jail has continued its policy, practice, and procedure of denying Plaintiff his 3 free phone calls under Clearly Established Law.

51. He was denied his 1st amendment right to the Jewish Kosher meal. Getting legal resources in OC Jail was a drawn-out process that by he got the legal, the Parole Revocation was already over with, and had he had the legal information sooner, he would have known he was deny Due Process.

52. While in OC Jail on or around, August 2018, Plaintiff had cell mate, Pauline Doe, that wanted him to participate in homosexual activity, but did not force the issue only asked persistently. Plaintiff was not in danger, but when he got out of jail, he wanted to know how to handle the situation and called OC Jail, Theo Lacy. He was told to do things that are dangerous such ringing the medical emergency or causing scene. He talked to an investigator John Doe, which from Plaintiff, he could tell was fruitless. Plaintiff was arrested on by parole revocation on 8-10-2018.

53. When he was in jail, he went back Theo Lacy, very scared. He ran into inmate John Doe, AKA smokey, who informed that the OC Sheriff's went to Pauline Doe, even after Plaintiff only concern was that he might have to see him again but did not want to pursue action. Smokey informed that the OC Sheriff's investigator went Pauline and investigated Plaintiff for possible threats or violent behavior.

**D. CAUSES OF ACTION (Dismissed claims have been deleted.)**

**CLAIM 4 (MONELL): IT IS A POLICY, PRACTICE, AND PROCEDURE FOR THE OC SHERIFFS DEPT TO ENGAGE IN MISCONDUCT, WHICH IS ATTRIBUTED TO THE COUNTY OF ORANGE'S FAILURE TO TRAIN EMPLOYEES.**

The following civil rights has been violated:

Sandra Hutchens elected official and her staff, subjected Plaintiff, to conduct that occurred under color of State and Federal law. This conduct deprived the Plaintiff of rights, privileges, or immunities guaranteed under Federal law or the U.S. Constitution.

Sandra Hutchens allows her staff to engage in denial of due process of the 14th amendment, which constitutes supervisor liability.  On 4-10-2015, Plaintiff was arrested at his former residence at 26092 Serrano Court, Lake Forest, California 92630 and taken to OC Jail, 550 N Flower Street, Santa Ana, California 92703 at or around, 5 PM until 9 AM on 4-11-2015 and was denied use of a bathroom which considered a form of torture. Plaintiff asked the Deputy John Doe in charge to please let him use the bathroom, and the Deputy Doe reply was "Go in the corner", (Please note: the deputy said in a sadistic matter, and was causing torture, which is "deliberate indifference".) This is Failure to Train on the 8th amendment and basic human rights to have access to bathroom, with deliberate indifference.

In a 14 to 16-hour period, OC Jail Deputy Doe would not let the inmates use the restroom and told inmates to go in the corner. People started to urinate and defecate in the middle of the cell. There was no reason for Deputy Doe to deny inmates use of a restroom. This an 14th amendment violation of Federal law and a California State violation of human rights. It is a federal right (human right) to use the bathroom in County Jail and it has been a long practice of OC Jail to act with Deliberate Difference for purposes of denying inmates basic human rights for no

purposes of causing cruel and unusual punishment. This constitutes failure train on not engaging misconduct, and failure to intervene. Since the rest of the jail staff ignore this deputy sadistic behavior this constitutes Failure to Intervene.

**AS AGAINST DEFENDANT COUNTY OF ORANGE; OCSD FOR FAILURE TO TRAIN.)**

The following civil rights has been violated:

County of Orange subjected Michael Lhevan to conduct that occurred under color of State and Federal law; and this conduct deprived Plaintiff of rights, privileges or immunities guaranteed under Federal Law or the U.S. Constitution. Plaintiff's 14th amendment right was denied with deliberate indifference. This resulted in failure to train with deliberate indifference, OC Sheriff misconduct.

**CLAIM 4 (INDIVIDUAL CAPACITY): FAILURE TO TRAIN AND INTEREVENE BY FELLOW JAIL STAFF. DEPUTY JOHN DOE ACTED UNDER THE COLOR OF LAW BY DENYING A PRISONER'S RIGHT TO USE A RESTROOM WHICH IS HUMAN RIGHT THAT IS CLEARLY ESTABLISHED. THIS IS A DENIAL OF DUE PROCESS of the 14th AMENDMENT.**

**(Individual Capacity Only Against Sandra Hutchens)**

The following civil rights has been violated:

Sandra Hutchens elected official and her staff, subjected Plaintiff, to conduct that occurred under color of State and Federal law. This conduct deprived the Plaintiff of rights, privileges, or immunities guaranteed under Federal law or the U.S. Constitution.

CV-66 (7/97)

1   Sandra Hutchens allows her staff to engage in denial of due process of the 14th

2   amendment, which constitutes supervisor liability.  On 4-10-2015, Plaintiff was

3   arrested at his former residence at 26092 Serrano Court, Lake Forest, California

4   92630 and taken to OC Jail, 550 N Flower Street, Santa Ana, California 92703 at or

5

6   around, 5 PM until 9 AM on 4-11-2015 and was denied use of a bathroom which

7   considered a form of torture. Plaintiff asked the Deputy John Doe in charge to please

8   let him use the bathroom, and the Deputy Doe reply was "Go in the corner", (Please

9   note: the deputy said in a sadistic matter, and was causing torture, which is

10

11   'deliberate indifference".)

12

13   In a 14 to 16-hour period, OC Jail Deputy Doe would not let the inmates use

14   the restroom and told inmates to go in the corner. People started to urinate and

15   defecate in the middle of the cell. There was no reason for Deputy Doe to deny

16   inmates use of a restroom. This an 14th amendment violation of Federal law and a

17

18   California State violation of human rights. It Is a Federal right to use the bathroom in

19   County Jail and it has been a long practice of OC Jail to act with Deliberate

20   Difference for purposes of denying inmates basic human rights for no purposes of

21

22   causing cruel and unusual punishment. This constitutes failure train on not engaging

23   misconduct, and failure to intervene. Since the rest of the jail staff ignore this deputy

24   sadistic behavior this constitutes Failure to Intervene.

25

26   **AS AGAINST DEFENDANTS SANDRA HUTCHENS; OCSD FOR FAILURE**

27   **TO TRAIN.)**

28   The following civil rights has been violated:

CV-66 (7/97)                              CIVIL RIGHTS COMPLAINT                              - 26 -

Sandra Hutchens subjected Michael Lhevan to conduct that occurred under color of State and Federal law; and this conduct deprived Plaintiff of rights, privileges or immunities guaranteed under Federal Law or the U.S. Constitution. Plaintiff's 14th amendment right was denied with deliberate indifference. This resulted in failure to train with deliberate indifference, OC Sheriff misconduct.

**CLAIM 5 FIRST AMENDMENT RETALIATION BY NOT SENDING THE POLICE REPORT TO THE FACILITY, THIS CONSTITUTES A VIOLATION OF PENAL CODE 236 IN PURSUANT OF 237 (DECEIT). THE OCDA COMITTED MISCONDUCT IN RETALIATION FOR PLAINTIFF EXERCISING HIS RIGHT TO FILE FEDERAL ACTION, FIRST AMENDMENT RETALIATION. (See Exhibit J, K, L, M, and N) (PLEASE NOTE THE COURT HAS ALREADY RULED THIS AS A MONELL CLAIM.)**

**(AS AGAINST DEFENDANTS TONY RACKAUCKAS; COUNTY OF ORANGE)**

The following civil rights has been violated:

Tony Rackauckas elected official, subjected Plaintiff, to conduct that occurred under color of State and Federal law. This conduct deprived the Plaintiff of rights, privileges, or immunities guaranteed under Federal law or the U.S. Constitution.

It is the OCDA's and The County of Orange practice, procedure and policy to retaliate against people who exercise their 1st amendment right that opposes these parties. Plaintiff was required to spend an additional 4 months incarcerated because of OCDA, Cynthia Nichols refused to send police report # OCDA-SA-15-114 to CCI, Tehachapi, so that in pursuant of Penal Code § 2933 Plaintiff would have been released in or around July 7, 2016 instead he was held until 10-9-2016. In pursuant of Penal Code § 4019 by Orange County Superior Court, he was already eligible for day

for day credit, but in pursuant of Penal Code § 2933, he would have been eligible for

"2 for 1 camp credits" as stated in

http://www.claraweb.us/wpcontent/uploads/2011/09/2012-MEMO-

Realignment.pdf.  In her statement which Plaintiff received a letter from OC Public

Defender, Kevin Song, it states considering Plaintiff filing the Federal Writ of Habeas

Corpus, no one from her or her office (which would constitute an official capacity

policy of retaliation), would not be sending the police report to the facility. Under the

California Code of Regulations (CCR) § 3043. Credit earning, because one of the

charges was criminal threats a VIO report was needed which entailed ordering the

police report. In retaliation for Plaintiff challenging the conviction, (8:16-cv-01240-

GW-(AGR) and 8:16-cv-01241-GW-(AGR)), the OCDA's office allowed Plaintiff to

be a victim of Penal Code § 236, false imprisonment, with deceit in pursuant of Penal

Code § 237. In California Code of Regulations (CCR), a VIO (Criminal Threats is

stated as being necessary in CCR), is necessary for an inmate to be eligible for Penal

Code § 2933. Cynthia Nichols, through a letter, states she or no one from her office

will sending the police report. Plaintiff also wrote OCDA Brock Zimmerman, and

Tony Rackauckas to please send the police report. CDCR requires that the police

report come from law enforcement. The OCDA's office waited until October 5, 2016

to send the police report, knowing this was keeping Plaintiff falsely imprisoned, and

it was retaliation for exercising his right to a Stay of Execution.  This constitutes

deliberate indifference and a cause of action and having the police report would have

1   entailed CCI Tehachapi to see that there was no violence involved, and the facility
2   could have released him.

3       As a result of being a victim of Penal Code § 236 in pursuant of Penal Code §
4   237, on 8-14-2016, at 8:05 pm, way past his release date, Plaintiff was a victim of
5
6   Penal Code § 243.4, sexual assault. He filed a report with the facility against the Ken
7   Calihan which was substantiated by CCI, Tehachapi by Sergeant T. Clayton of
8
9   Investigative Services Unit (ISU). This act has caused Plaintiff severe mental harm
10  and effected his relationship with woman, and he has had to go to counseling. Also,
11
12  because he turned in Ken Calihan, he was also threatened and put in imminent danger
13  for being a "rat" and referred to as being gay. This also makes Plaintiff a victim of
14  The Prison Rape Elimination Act (PREA). It is Tony Rackauckas' and The County of
15
16  Oranges' policy, practice and procedure to retaliate against people who exercise their
17  1st amendment right, such seeking a ruling from a higher court, but they also retaliate
18  for many other issues.

19  **(AS AGAINST DEFENDANTS TONY RACKAUCKAS; COUNTY OF**
20  **ORANGE)**
21  The following civil rights has been violated:
22
23      Tony Rackauckas subjected Michael Lhevan to conduct that occurred under
24  color of State and Federal law; and this conduct deprived Plaintiff of rights, privileges
25
26  or immunities guaranteed under Federal Law or the U.S. Constitution. Plaintiff's 1st
27  amendment was retaliated because he chooses to Federal action in filing 28 U.S.C §
28  2254 while challenging criminal convictions for cases 15CF0811 and 15CF0900.

**CLAIM 6 (MONELL CLAIM) VIOLATION OF 1st RIGHT TO KOSHER MEAL FOR HIS JEWISH RELIGION. FAILURE TO TRAIN.**

**(AS AGAINST COUNTY OF ORANGE)**

It is a policy, practice, and procedure as well as a custom to deny inmates their 1st amendment to practice their religious beliefs. May, 2017, Plaintiff was denied the right to his kosher diet by OC Jail. He has applied for the Kosher never received it. It is a 1st amendment right to practice religious beliefs in the U.S. Plaintiff beliefs are" "sincerely held" and "religious in nature", but he was denied kosher meal. He wrote grievance but never received a reply and a lot of times the Deputies throw the snibbles and grievances in the trash. Plaintiff was again denied his 1st amendment right to kosher meals from 10-11-2018 to 11-24-2018, and he proceeded to use the grievance system which he was never contacted back.

**(AS AGAINST COUNTY OF ORANGE)**

County of Orange's Monell Policy subjected Michael Lhevan to conduct that occurred under color of State and Federal law; and this conduct deprived Plaintiff of rights, privileges or immunities guaranteed under Federal Law or the U.S. Constitution. Plaintiff 1st amendment right was denied with deliberate indifference. Failure to train employees to honor inmate's religious beliefs.

**CLAIM 6 (INDIVIDUAL CAPACITY) PLAINTIFF WAS DENIED HIS "CLEARLY ESTABLISHED RIGHT" TO HIS 1ST AMENDMENT RIGHT TO PRACTICE HIS RELIGIOUS BELIEFS WHILE INCUSTODY. THIS CONSTITUTES FAILURE TO TRAIN WITH DELIBERATE INDIFFERENCE.**

May 2017, Plaintiff was denied the right to his kosher diet by OC Jail. He has applied for the Kosher never received it. It is a 1st amendment right to practice religious beliefs in the U.S. OC Jail did violate the Equal Protection act by not keeping the Plaintiff by not keeping him equal.  Plaintiff beliefs are" "sincerely held" and "religious in nature", but he was denied kosher meal. He wrote grievance but never received a reply and a lot of times the Deputies throw the snibbles and grievances in the trash. Plaintiff was again denied his 1st amendment right to kosher meals from 10-11-2018 to 11-24-2018, and he proceeded to use the grievance system which he was never contacted back.

**(AS AGAINST DEFENDANTS SANDRA HUTCHENS)**

**(Individual capacity against Sandra Hutchens.)**

Sandra Hutchens subjected Michael Lhevan to conduct that occurred under color of State and Federal law; and this conduct deprived Plaintiff of rights, privileges or immunities guaranteed under Federal Law or the U.S. Constitution. Plaintiff 1st amendment right was denied with deliberate indifference. Failure to train employees to honor inmate's religious beliefs.

**CLAIM 8 PLAINTIFF'S "CLEARLY ESTABLISHED", RIGHT TO BE FREE FROM A "STATE CREATED DANGER". A DUTY WAS OWED BECAUSE PLAINTIFF WAS INCUSTODY AND COULD NOT PROTECT HIMSELF, WHICH IS A WELL-ESTABLISHED 'SPECIAL RELATIONSHIP'. THE HARM WAS FORESEEABLE AND AN PROXIMATE CAUSE WHICH SHOWS FAILURE TO TRAIN AND INTERVENE. IT WAS AN A PROXIMATE CAUSE AND FORESEEABLETHAT A HOME WOULD GET ROBBED IF LAW ENFORCEMENT DID NOT SECURE THE PROPERTY AFTER AN ARREST. THE OCSD ACTED WITH DELIBERATE INDIFFERENCE BY NOT SECURING THE PROPERTY.**

**(Individual Capacity against Sandra Hutchens.)**

The OCSD owed Plaintiff a *DeShaney,* 'Special Relationship', under the 14th amendment, of Due Process by holding him custody. Plaintiff was arrested, and law enforcement refused to secure his property allowing his identity to be stolen, all valuables and several cases in which Plaintiff name was involved. In the 1989 case of *City of Canton v. Harris,* the United States Supreme Court held that liability may be imposed where supervisors are "deliberately indifferent" to the rights of persons with whom their subordinates come into contact, such that their own conduct may be seen as an implicit condonation of their subordinate's abuse of authority." Plaintiff was well known by both supervisors Sandra Hutchens and Tony Rackauckas.

It is pattern events that have taken place ever since Sandra Hutchens became the head OC Sheriff. Plaintiff was victim in a break in, that the OC Sheriff assisted the OCDA's office with excessive manpower for an 884 square feet condo. They did not lock up the property and all his valuable and identity stolen. They did a non-criminal police report and instead of investigating the incident the crime, it was forwarded over to the OCDA's office to the arresting investigator Jim Mclean. This is not how the OC Sheriffs are known to serve the community Lake Forest. Plaintiff does not have a constitution right police to an investigation.

Plaintiff's 14th amendment was violated because the fact that there was a special relationship by him the OCSD, they had custody of him. This creates a special relationship making liable for 14th amendment, and duty to protect does apply to

CIVIL RIGHTS COMPLAINT

Plaintiff's situation. Due Process was violated, and although Plaintiff was not in danger at the time, the fact that his identity was stolen by a convicted felon, who has strikes, it is hard to say might happen in the future.

By being in custody, Plaintiff could not protect his own safety, and the OCSD and OCDA investigators did not secure property makes it a State Created Danger that entitles him to relief. Liability exists when the government created a dangerous environment that resulted in Plaintiff's injury. This was done by not securing the property. Further evidence of supervisor liability is the fact that Defendant Hutchens defied to court orders, in which Plaintiff needed to clear up his credit. This constitutes failure to train and supervise. After the State Created Danger and the Identity Theft the OCSD further neglected it by committing misconduct when Sandra Hutchens defied 2 court orders so that Plaintiff could contact creditors to clear up the problem. The problem was further ignored when the OCSD ruled the incident as a non-criminal report for a crime they created by not securing the property.

All these actions amount to affirmative conduct by the OCSD due to Failure to Train, Failure to Intervene and discrimination towards Plaintiff. Generally, the police are not supposed to enter your home or break down your door in a forced entry. Before entering your home, officers are supposed to knock, announce their presence, and give you a reasonable amount of time to answer the door. This is known as the "knock and announce rule." Plaintiff was not given a reasonable amount time to answer the door, and this left him worse off in this situation because of it. Plaintiff

would have otherwise not faced the robbery and identity. This is a violation of Gov Code § 835.2 because the government had actual notice of the dangerous condition but not only did nothing to correct the situation, they committed misconduct in making the situation worse. [4] Under Gov Code § 815.2, renders Sandra Hutchens of the 14th amendment of the U.S. Constitution, the right to free from a "State Created Danger".

**(AS AGAINST DEFENDANTS SANDRA HUTCHENS IN INDIVIDUAL CAPACITY) (Please Exhibit C, and U)**

The following civil rights has been violated:

Sandra Hutchens subjected Michael Lhevan to conduct that occurred under color of State and Federal law; and this conduct deprived Plaintiff of rights, privileges or immunities guaranteed under Federal Law or the U.S. Constitution. Plaintiff's 14th amendment right due to a 'special-relationship' of him being in their custody. Sandra Hutchens' has shown Failure to Train under America Disability Association by not enforcing laws, and interaction, as well receiving complaints. Plaintiff was deprived of a 'special relationship' by the OCDA and OCSD, which violates his 14th amendment right, in which "Clearly Established Law" was violated in which a reasonable person would have known.

---

[4] Gov Code 815.6 is where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

**CLAIM 10: (MONELL) IT IS A POLICY PRACTICE, PROCEDURE OF SUPERVISOR LIABILITY WHEN PLAINITFFS' ARE NOT PERMITTED TO MAKE HIS 2 FREE PHONE CALLS FROM THE JAILHOUSE. THIS CONSTITUTES FAILURE TO TRAIN AND SUPERVISE (See Exhibit Q)**

**(AGAINST COUNTY OF ORANGE)**

It is a custom, policy, practice, and procedure for OC Jail (which in this case documented and shown as evidence that retaliated by not giving not Plaintiff his Constitutional right to Due Process by making 2 free phone calls pursuant of California Penal Code Statutory laws. There is a nexus of OCSD misconduct.

It is Sandra Hutchens' policy, practice, and procedure to commit misconduct by violating Penal Code § 851.5(a)(1) which is a statutory right, which denied Plaintiff Due Process which violated his right to the 14th amendment right of Procedural Due Process. This is a policy, practice and procedure that has effect Plaintiff several on occasions. The staff retaliated against for complaining about this misconduct and responded by taking their cloths. This constitutes a denial of due (14th amendment violation.) Plaintiff had a right to call a lawyer, and a bail bond company which was denied.

On 4-15-2015, Plaintiff was taken to OC Jail by the OCSD and OCDA Office for 3 days had his cloths taken away and was denied a phone call for 4 days. This behavior constitutes deliberate indifference. An inmate is entitled to 2 free phone calls which 3 hours of arrest in pursuant to Penal Code § 851.5(a)(1). Plaintiff begged to use the phone to call a bail bond company at least 24 hours his bail was lowered from $500,000 to $120,000, after 4 days of being denied access to a phone.

The same practice was repeated on 3-28-2017 and, Plaintiff was not allowed to make a phone call for about 6-day period. He was stripped of his cloths for at least a 3-day period which Plaintiff now has paperwork indicating that the OCSD put him in Welfare & Institute Code § 5150. This was done in retaliation for him wanting to call a private attorney.

**(AGAINST COUNTY OF ORANGE)**

The following civil rights has been violated:

Sandra Hutchens elected official, subjected Plaintiff, to conduct that occurred under color of State and Federal law. This conduct deprived the Plaintiff of rights, privileges, or immunities guaranteed under Federal law or the U.S. Constitution. Sandra Hutchens subjected Michael Lhevan to conduct that occurred under color of State and Federal law; and this conduct deprived Plaintiff of rights, privileges or immunities guaranteed under Federal Law or the U.S. Constitution. This is a denial of due process, of the 14th amendment violation, as well misconduct with deliberate indifference.

**CLAIM 10: (INDIVIDUAL CAPACITY) PLAINTIFF'S CLEARLY ESTABLISHED RIGHT TO MAKE HIS 2 FREE PHONE CALLS FROM THE JAILHOUSE WERE VIOLATED WHICH IS A DENIAL OF DUE PROCESS. THIS CONSTITUTES FAILURE TO TRAIN AND SUPERVISE (See Exhibit Q)**

**(AGAINST SANDRA HUTCHENS)**

It is a violation of "Clearly established law" of the Plaintiff's Constitutional right to Due Process (14th amendment) by making 2 free phone calls pursuant of California Penal Code Statutory laws.

It is "clearly established law" by violating Penal Code § 851.5(a)(1) which is a statutory right, which denied Plaintiff Procedural Due Process which violated his right to the 14th amendment right of Procedural Due Process. The staff responded with misconduct by taking Plaintiff's cloths. This constitutes a denial of due (14th amendment violation.) Plaintiff had a right to call a lawyer, and a bail bond company which was denied.

On 4-15-2015, Plaintiff was taken to OC Jail by the OCSD and OCDA Office for 3 days had his cloths taken away and was denied a phone call for 4 days. This behavior constitutes deliberate indifference. An inmate is entitled to 2 free phone calls which 3 hours of arrest in pursuant of Penal Code § 851.5(a)(1). Plaintiff begged to use the phone to call a bail bond company at least 24 hours his bail was lowered from $500,000 to $120,000, after 4 days of being denied access to a phone. It was stated on the jail paperwork that Plaintiff got "No Phone calls, agitated".

The same practice was repeated on 3-28-2017 and, Plaintiff was not allowed to make a phone call for about 6-day period.  He was stripped of his cloths for at least a 3-day period which Plaintiff now has paperwork indicating that the OCSD put him in Welfare & Institute Code § 5150. This was done in retaliation for him wanting to call a private attorney.

**(AGAINST SANDRA HUTCHENS)**

The following civil rights has been violated:

Sandra Hutchens elected official, subjected Plaintiff, to conduct that occurred under color of State and Federal law. This conduct deprived the Plaintiff of rights, privileges, or immunities guaranteed under Federal law or the U.S. Constitution. Sandra Hutchens subjected Michael Lhevan to conduct that occurred under color of State and Federal law; and this conduct deprived Plaintiff of rights, privileges or immunities guaranteed under Federal Law or the U.S. Constitution. This is a denial of due process, of the 14th amendment violation, as well misconduct with deliberate indifference.

**CLAIM 12 OC MEDICAL DOCTOR VIOLATED "CLEARLY ESTABLISH LAW" OF THE VIOLATING 8TH AMENDMENT OF DELIBERATE INDIFFERENCE. THIS ALSOO CONSTITUTES MEDICAL MALPRACTICE.**

**(AS AGAINST SANDRA HUTCHENS)**

**(Individual Capacity only)**

The following civil rights has been violated:

Sandra Hutchens elected official, subjected Plaintiff, to conduct that occurred under color of State and Federal law.  This conduct deprived the Plaintiff of rights, privileges, or immunities guaranteed under Federal law or the U.S. Constitution. This constitutes an 8th amendment violation of cruel and unusual punishment behavior to treating a prisoner's rights to proper medical treatment and protecting Plaintiff's disability rights in pursuant to America disability Association (ADA) in § 504. The medical prescribes Zyprexa to almost mental patients. In most cases it is the wrong medicine, and due incompetence, they refuse to hire medical staff that trained to deal

mental or failure to train. Plaintiff condition is defined in 28 CFR Part 35 --

Nondiscrimination on the Basis of Disability in State and Local Government

Services. Their policy of prescribing the wrong is a form discrimination disabled

people.

The OC jail medical staff maliciously gave the wrong meds for 9 months

violated Plaintiff right with deliberate indifference by giving the wrong medicine.

The Medical staff medicated Plaintiff with mind altering medication, which he hadn't

been prescribed and was told by CDCR he was put on the wrong medication. The

medical staff retaliated against Plaintiff wanted to report the doctor to the medical

board (For Medical Malpractice.), for violating his 8th amendment, and staff retaliated

by sending back to general population to the same place that he told a sergeant about

getting beaten up.

The medical team committed failure to intervene, and failure to protect. They

failed to provide proper medication which he could have had a seizure attack and

died. This constitutes deliberate indifference of the 8th amendment. Plaintiff wanted

to report Doctor John Doe to the medical board, and Doctor John Doe quickly

covered his so Plaintiff could not see it.

On or around April 19, 2015, a female doctor asked, "if I heard voices?".

Plaintiff replied, "Yes, I hear your voice." She put Plaintiff on a higher dose of

Zyprexa, which CDCR said was the wrong medicine and pulled Plaintiff off of the

Zyprexa and switched him to MIRTAZAPHINE, which is an anti-depressant. While

Plaintiff was on Zyprexa, he was picked continuously at both OC Jail and Wasco State which put his safety risk because he could not defend himself in violent environment. Once pulled off the Zyprexa, Plaintiff proceed to do a lot of legal research and began reading a lot of books and gained a lot of self-confidence back.

Plaintiff on or around, 5-7-2015, when I was being told I was being sent back to General Population with the same people who assaulted him. Plaintiff reported to the doctor what had happened, and because the doctor was mad about wanting to report him to the medical board, and even tried to hide his name to Plaintiff would not see it, to remember it. Doctor, John Doe, responded to Plaintiff, "You get the deputies to defend you, if you get beaten up." This also constitute medical malpractice, failure to protect and intervene and an 8th amendment violation of deliberate indifference.

**(AS AGAINST DEFENDANT SANDRA HUTCHENS)**

The following civil rights has been violated:

Sandra Hutchens, Doctors John and Jane Doe subjected Michael Lhevan to conduct that occurred under color of State and Federal law; and this conduct deprived Plaintiff of rights, privileges or immunities guaranteed under Federal Law or the U.S. Constitution. This is an 8th amendment violation with deliberate indifference, as well misconduct and failure to train with deliberate indifference.

**CLAIM 14: (INDIVIUAL CAPACITY) VIOLATION OF "CLEARLY ESTABLISHED LAW" OF THE 4TH AMENDMENT VIOLATION. SEIZED LAPTOP WITHOUT A SEARCH AND SEIZURE WARRANT.**

(ELECTRONIC DEVICES), WITHOUT A SEARCH AND SEIZURE WARRANT. 4TH AMENDMEND VIOLATION OF FALSE ARREST (AS AGAINST DEFENDANTS SANDRA HUTCHENS.)

The following civil rights has been violated:

Sandra Hutchens, elected official, The County of Orange subjected Plaintiff, to conduct that occurred under color of State and Federal law. This conduct deprived the Plaintiff of rights, privileges, or immunities guaranteed under Federal law or the U.S. Constitution. Plaintiff is for violations of his 4th amendment right to be free of police harassment and government retaliation. This is a violation of both "clearly established law".

OCSD engaged in a violation of "Clearly Established law" of the 4th amendment on 11-27-2018, by taking a phone and laptop, with no Totality of Circumstance for no purposes then invasion of privacy and the fact that the Plaintiff was outspoken with Political Officials. Plaintiff spent 7 days in jail for revocation that was not processed with the court. Plaintiff came jail to find out his father passed away. A case was filed but was dismissed with no probable cause by the OCDA's office. This had an adverse effect of Plaintiff's father passing away while he was being released or still incarcerated.  The OCSD deputies obtained the key, by going to manager and telling them "If they did not give the key to them for my apartment, then they would kick in the door." The OCSD opened the door to the Plaintiff's apartment and arrested him, on a false arrest. (The charges were dismissed by the OCDA's office.) This violates the 4th amendment.

**(AS AGAINST DEFENDANT SANDRA HUTCHENS)**

The following civil rights has been violated:

Sandra Hutchens subjected Michael Lhevan to conduct that occurred under color of State and Federal law; and this conduct deprived Plaintiff of rights, privileges or immunities guaranteed under Federal Law or the U.S. Constitution. This is a 4th amendment violation of "Clearly Established Law".

**E.     REQUEST FOR RELIEF**

Plaintiff believes that he entitled to the following specific relief:

1. Loss of property $400,000, this since the OCSD and the OCDA's Office did not secure the property. (And Sandra Hutchens had a duty to protect Plaintiff's safety) This led to Plaintiff having his ID stolen including his bank accounts. He could not pay his mortgage, and was left selling the property for $260,000, instead of the value $460,000. He had $30,000 to $45,000 worth of valuables stolen. It cost him about $55,000 to compensate his power of attorney Donald Earl Bigelow, to store property. He also had to pay back "Keep your Home California" at about $11,000, due to selling the property a year before the 3-year agreement. The fact is Plaintiff was never going to the property.

2. Ruined credit $1,000,000. Due to selling his property he can no longer get a mortgage on his disability monthly payment. Plaintiff has all kinds of delinquency on his credit that he can still not fix. His credit is about 120 FICA points lower. He had a problem with Merrill Lynch which fraud investigator filed a baseless Criminal Threats report in retaliation for Plaintiff filing a FINRA complaint. The Newport Beach Police did not press charges but it was forwarded on to OCDA Investigator Jim Mclean to be investigated a Search and Search warrant was signed for his phone records with no new criminal charges. This is also an invasion of privacy.

3. The damages for this embarrassment and emotional harm are estimated to be $2,000,000. Emotional problems due to being sexually assaulted (Penal Code § 243.4, which the prison substantiated by an investigation) and held past Plaintiff being held past his release date (Penal Code § 236 in pursuant of Penal Code § 237). Punitive damages to deter future behavior by the

defendants. And as the court sees fit to award damages to Plaintiff for IIED, false imprisonment with adverse of an assault (both intentional torts.) Loss of income, SSDI of 4 months plus punitive damages of around $10,000.

4. As the court sees fit for both Intentional Infliction of Emotional Distress (IIED), for all surviving claims and evidence presented for both punitive compensatory damages. Plus awarded damages for any damages that court sees fit to award Plaintiff. If necessary FRCP 65 against both OCDA's office and the OCSD.

I declare under penalty of perjury California Penal Code law (Penal Code § 118), California Code of Civil Procedure § 2015.5. Certification or declaration under penalty of perjury and Federal law (28 U.S.C § 1746) that the foregoing is true and correct.

DATED: November 10, 2021

YOUR NAME

In Pro Se Litigant

CV-66 (7/97)