Christina M. Sprenger, Esq. [State Bar No. 205105]
E-mail: csprenger@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
E-mail: courtemails@lbaclaw.com
2677 North Main Street, Suite 370
Santa Ana, California 92705
Telephone No.: (714) 479-0180

Attorneys for Defendants
COUNTY OF ORANGE and TONY RACKAUCKAS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL LHEVAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TODD SPITZER, SANDRA HUTCHENS, TONY RACKAUCKAS, THE COUNTY OF ORANGE,<br><br>　　　　Defendants. | Case No. 8:16-cv-01367-GW-AGR<br><br>**DEFENDANT TONY RACKAUCKAS AND COUNTY OF ORANGE'S ANSWER TO FIFTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>**MATTER FOR DETERMINATION BY THE HONORABLE ALICIA G. ROSENBERG** |

　　　　Magistrate Rosenberg's May 27, 2022, Report and Recommendation sets forth a comprehensive procedural posture of this case. (Dkt. 138-1, 2:3-3:22). The only remaining claims in Plaintiff's Fifth Amended Complaint ("5AC") are Claim 5 ("First Amendment Retaliation") and Claim 5 *Monell* liability; the only remaining Defendants are the County of Orange and Tony Rackauckas. (Dkt. 142, 2:3-5).

　　　　1.　　On September 17, 2018, the Court dismissed portions of Plaintiff's Third Amended Complaint without leave to amend, including *Monell* claims 1, 2, 3,

4, 6, 7, 8, 11, 13, and 14. (Dkt. 87).

2. On September 28, 2021, the Court dismissed portions of Plaintiff's Fourth Amended Complaint without leave to amend, including Defendant Spitzer, as well as claims 1, 2, 3, 7, 11, and 13, and *Monell* claims 8 and 12. (Dkt. 123).

3. On July 18, 2022, the Court dismissed portions of Plaintiff's 5AC without leave to amend, including Defendant Hutchens, as well as claims 4, 6, 8, 10, 12 and 14, and *Monell* claims 4 and 6. (Dkt. 142).

4. As a result of the dismissed claims set forth in numbered Paragraphs 1 through 3 above, the following sections of the 5AC are moot: Paragraphs 1 and 2 of Section C, and "Claim 4" (23:23-27:6), "Claim 6" (30:1-31:21), "Claim 8" (31:22-34:23), "Claim 10" (35:1-38:10), "Claim 12" (38:11-40:26), and "Claim 14" 40:26-42:8).

COME NOW Defendants County of Orange and Tony Rackauckas ("Defendants"), and answer the remaining claims in Plaintiff's 5AC. Defendants answer for themselves and for no other defendants, and hereby admit, deny and allege as follows:

5. Answering Sections A and B of the 5AC, Defendants admit that jurisdiction and venue are proper based upon the facts as alleged in the 5AC. However, Defendants deny generally and specifically that any alleged deprivations of constitutional rights occurred as to Plaintiff.

6. Answering Section C of the 5AC, Defendants do not possess sufficient knowledge to answer Plaintiff's various factual contentions or timeline. However, Defendants deny generally and specifically that any alleged deprivations of constitutional rights occurred as to Plaintiff.

7. Answering Section C, Paragraph 3, Defendants admit that Defendant Rackauckas was the elected District Attorney for the County of Orange. Defendants deny each and every allegation in the remainder of Section C, Paragraph 3.

8. Answering Section C, Paragraph 4, Defendants admit that the County

of Orange is a municipal entity. Defendants deny each and every allegation in the remainder of Section C, Paragraph 4.

9. Answering Section D, Paragraphs 1, 14, 18, 20, 31, 34, and 37 of the 5AC, Defendants do not have sufficient information or belief to enable them to answer said Paragraphs, and on that basis, deny each and every allegation contained therein.

10. Answering Section D, Paragraphs 2-13, 15-17, 19, 21-30, 32-33, 35-36, and 38-53 of the 5AC, Defendants deny generally and specifically each and every allegation contained therein and further deny that Plaintiff is entitled to an award of damages, or any other relief, as a result of any act or omission of any Defendant.

## FIRST AFFIRMATIVE DEFENSE

11. Defendant Rackauckas is entitled to qualified immunity because the applicable law was not clearly established at the time of the incident, and because a reasonable official in his position could have believed that his conduct was lawful.

## SECOND AFFIRMATIVE DEFENSE

12. Defendant Rackauckas is entitled to qualified immunity since there is no constitutional violation on the facts alleged.

## THIRD AFFIRMATIVE DEFENSE

13. The actions of Defendants were at all relevant times reasonable, proper, and legal.

## FOURTH AFFIRMATIVE DEFENSE

14. The claims for relief do not state facts sufficient to constitute a cause of action against any Defendant under 42 U.S.C. § 1983 because, pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), simple negligence is not a federal civil rights violation.

## FIFTH AFFIRMATIVE DEFENSE

15. Plaintiff failed to state a viable cause of action in the 5AC.

### SIXTH AFFIRMATIVE DEFENSE

16. This action is barred by the applicable statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

17. The 5AC fails to state a cause of action against the individual Defendants for punitive damages in that punitive damages violate Defendants' due process rights.

### EIGHTH AFFIRMATIVE DEFENSE

18. Defendant Rackauckas is entitled to quasi-judicial immunity.

### NINTH AFFIRMATIVE DEFENSE

19. A conspiracy cannot be generally alleged in an action brought under the Federal Civil Rights Act.

### TENTH AFFIRMATIVE DEFENSE

20. Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in the 5AC with specificity.

### ELEVENTH AFFIRMATIVE DEFENSE

21. Defendants are immune from liability under the Eleventh Amendment to the Constitution of the United States.

### TWELFTH AFFIRMATIVE DEFENSE

22. These answering Defendants are not legally responsible for the acts and/or omissions of the DOE defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

23. Defendants' allege that in the event that they prevail at trial or by way of dispositive motion, they will be entitled to recovery of reasonable attorneys' fees and costs under California Code of Civil Procedure § 1038 and title 42 U.S.C. § 1988.

### FOURTEENTH AFFIRMATIVE DEFENSE

24. Plaintiff's 5AC fails to state a cause of action against the County of Orange because, pursuant to *Monell v. Dept. of Social Services of New York*, 436

U.S. 658, 694 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or practice.

### FIFTEENTH AFFIRMATIVE DEFENSE

25. Neither these answering Defendants nor any employee of Defendant County acted with deliberate indifference.

### SIXTEENTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred by issue and claim preclusion.

### SEVENTEENTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred by the doctrine of estoppel, including without limitation equitable estoppel and judicial estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE

28. Plaintiff lacks standing to pursue claims for relief.

### NINETEENTH AFFIRMATIVE DEFENSE

29. Plaintiff's 5AC fails to state a claim under 42 U.S.C. § 1983 for First, Fourth, or Fourteenth Amendment violations upon which relief can be granted against these Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

30. Plaintiff's claims against these Defendants are barred as Defendants and their employees have absolute immunity from the allegations set forth in Plaintiff's 5AC.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

31. Defendants are not liable for alleged violations by non-policymakers of civil or constitutional rights.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

32. Defendants' acts or omissions were discretionary, requiring deliberation, decision and judgment which were done honestly, reasonably and in good faith, and by virtue of which they are immune from liability.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

33. Defendants' conduct did not cause the constitutional violations alleged in Plaintiff's 5AC.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

34. Defendants' conduct alleged in Plaintiff's 5AC did not violate an interest cognizable under 42 U.S.C. § 1983.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred because the alleged violation of civil rights did not occur pursuant to an unconstitutional governmental policy, custom, practice, or procedure.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

36. Because the 5AC is couched in conclusory terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses is hereby reserved, to the extent that such affirmative defenses are applicable.

WHEREFORE, Defendants County of Orange and Tony Rackauckas pray that Plaintiff take nothing by way of the 5AC and that Defendants herein recover their costs and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: August 22, 2022     LAWRENCE BEACH ALLEN & CHOI, PC


By   /s/ Christina M. Sprenger
   CHRISTINA M. SPRENGER
   Attorneys for Defendants
   COUNTY OF ORANGE and TONY
   RACKAUCKAS

**DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES, BY AND THROUGH THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants County of Orange and Tony Rackauckas demand a trial by jury pursuant to Federal Rules of Civil Procedure 38(b) and Central District Local Rule 38-1.

Respectfully submitted,

Dated: August 22, 2022       LAWRENCE BEACH ALLEN & CHOI, PC


By     /s/ Christina M. Sprenger
    CHRISTINA M. SPRENGER
    Attorneys for Defendants
    COUNTY OF ORANGE and TONY
    RACKAUCKAS

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Debbie Pryor, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 2677 North Main Street, Suite 370, Santa Ana, California 92705.

On August 22, 2022, I served the **DEFENDANT TONY RACKAUCKAS AND COUNTY OF ORANGE'S ANSWER TO FIFTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Michael Lawrence Lhevan
1260 Walnut Avenue, Apt. 33
Tustin, California  92780

_X_   BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_X_   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 22, 2022, at Santa Ana, California.

_____
Declarant[1]

---

[1] As required, the above-referenced document is accompanied by an unsigned affidavit of service, to be signed by the Declarant following service.  The method of service and date of service listed herein are to be used in calculating dates triggered by service of this document.  The Declarant will maintain the signed original of this affidavit and will submit it to the Court if appropriate.

1
ANSWER TO FIFTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2
ANSWER TO FIFTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL